# LAWSON *v.* GLOSS.

(*Supreme Court of Colorado, December Term, 1881—Appeal from the District Court of Clear Creek County.*)

1. EVIDENCE—EXAMINATION OF WITNESSES. The conduct of the examination of a witness rests in the sound discretion of the *nisi prius* Court, and that leading questions were permitted to be asked is not ground for reversal.

2. SAME—SAME—PERSONAL KNOWLEDGE. It is not error to allow plaintiff, as a witness, to refresh his memory by the use of the copy of an original account kept by him, provided, after inspecting the copy, the witness can speak to the facts from his own recollection. The rule of personal knowledge is relaxed in cases of accounts involving numerous entries; in such case it is sufficient that the witness is certain the charges are correct, if entered while the facts were remembered.

3. WORK AND LABOR. An action at law lies for work and labor performed under an agreement to launch a partnership.

ELBERT, C. J. The conduct of the examination of a witness rests in the sound discretion of the *nisi prius* Court, and that leading questions were permitted to be asked is not ground for reversal. 1 Green. Ev., Sec. 435.

There was no error in allowing the plaintiff, as a witness, to refresh his memory by the use of a copy of the original account kept by him of work and labor done by him for the defendant. It is not necessary that the writing be an original writing, provided, after inspecting it, the witness can speak to the facts from his own recollection. Again, the rule of personal knowledge is relaxed in all cases of accounts involving, as in this case, numerous entries and dates. In such cases it is sufficient that the witness is certain the charges are correct. 1 Green. Ev., Sec. 436 and note 2.

As to the time when a writing thus used should have been made, no precise rule can be stated. Mr. Greenleaf says: "It is most frequently said that the writing must have been made at the time of the fact in question, or recently afterwards. At the farthest it ought to have been made before such a period of time had elapsed as to render it probable that the memory of the witness might have become deficient. But the practice in this respect is governed very much by the circumstances of the particular case." 1 Green. Ev., Sec. 438.

Here the witness says he made the entries about the time of

the work; again, that they were made "within a month or so," but that he "remembered it until he wrote it down."

It was a simple matter of day labor, and to recall and enumerate the number of days the witness had labored in a given week or month, after the lapse of a month or even greater time, would not require an extraordinary exercise of memory, especially upon the part of one who earned his living by day labor and would presumably charge his memory with the number of days he worked. Much must be left in such a case to the judgment of the *nisi prius* Court, who sees the witness and hears him testify, and the witness having testified that he remembered the items of labor when he wrote them down, the lapse of time was not such, considering the nature of the account, as to forbid the Court, in the exercise of its discretion, allowing the witness to use the account to refresh his memory. The original account being such as to justify its use for such a purpose, it is immaterial when the copy of it was made, it sufficiently appearing to the Court to be a correct copy.

The plaintiff was properly allowed to recover for his labor on the toll-road. It was not a partnership transaction, but labor performed under an agreement to launch a partnership, for which an action at law will lie. Story Eq. Jr., Sec. 665.

These are all the assignments that need be noticed.

The judgment of the Court below is affirmed.

*W. T. Hughes*, for appellant.

*Morrison & Fillius*, for appellee.

---

## BOOK NOTICES.

MENTAL UNSOUNDNESS AND TESTAMENTARY POWER, By HON. T. T. ALEXANDER, of the Louisville (Ky.,) Bar, is the title of a monograph recently read before the law department of the University of Louisville, and published by request of the students. We have to thank the author for a copy, and would recommend every lawyer to procure and read it. The subject all will recognize as not only interesting, but important. In its discussion Judge Alexander has shown great care and ability. The subject is perhaps the most subtle connected with the science of the law, embracing almost the entire range of metaphysical and phsycological phenomena. The treatment in this paper is so eminently plain, practical and comprehensive, that the views of the author are brought within the comprehension of all—laymen, as well as professional men and scientists.