[No. 1482.]

WAUGH ET AL. v. EDEN.

PARTNERSHIP—CONTRACTS.

Where plaintiffs and defendants had made an' agreement to enter into partnership for the purpose of manufacturing lime and plaintiff being a mechanic was to construct the kiln for which defendants were to pay him three fourths the value of the work, the contract to pay plaintiff was not a partnership agreement and an action at law could be maintained by plaintiff against defendant for the value of the labor performed.

*Appeal from the County Court of El Paso County.*

Mr. W. F. RIGGS, for appellants.

Mr. JOHN B. COCHRAN, for appellee.

WILSON, J.

The transactions between the parties out of which this suit arose are not as fully set forth in either the abstract or the bill of exceptions as could be desired in order to furnish a complete history of their dealings, and the suit having been originally begun before a justice of the peace, there are no written pleadings to aid us. It seems to be conceded that plaintiff Eden and one Peter Erlenson had filed upon or otherwise secured a claim to the use of certain land containing lime rock, which was thought to be valuable for the purpose of burning lime. With a view to securing financial assistance in the business, they induced the two defendants to agree to go

into this enterprise with them. In furtherance of this, they conveyed to the defendants a one-half interest in their claim to the lands. The precise consideration for this conveyance is not given in the record, nor is it anywhere said definitely what each party was to contribute to the advancement of the common enterprise. Mr. Waugh, one of the defendants, testified that Eden and Erlenson both claimed to be experts in the lime-burning business; that he and Woodworth had reason to believe that they were, and it was " part and parcel of the consideration named in the bargain that they were to give their skill in the business." This witness further testified that the duties of himself and Woodworth were to take care of the finances. " We were to furnish money, as we had the figuring to do." The business was to be the manufacture and sale of lime. In order to inaugurate and carry this on, it was necessary that a kiln should be built, and it was concerning this that the differences seem first to have arisen between the parties. It is not clearly shown in the record at whose expense this was to be done, nor what proportion of the expense was to be borne by each of the parties interested. The plaintiff testified that being a mason and bricklayer, he contracted with the defendants immediately after the execution of the conveyances to do the necessary masonwork in the construction of the kiln, and that they expressly agreed to pay him therefor three fourths of the amount so earned by him at the current rate of wages, he contributing the remaining one fourth of the amount as his contribution to the common enterprise. This was admitted by defendants, except the statement that they were to pay him anything for his work. Their version was that the amount earned by the plaintiff was to be a claim against the partnership, and to be paid out of profits thereafter realized. The plaintiff instituted suit before a justice of the peace to recover on this contract as he understood it. Trial was to a jury, and the verdict was in favor of the plaintiff. Upon appeal to the county court, another trial was had, again to a jury, and with the same result.

There was no dispute as to the character, amount, nor value of the services rendered by the plaintiff. The main contention of the defendants is that the debt sued upon was one due by a partnership, and that plaintiff has entirely mistaken his remedy. In making this claim, they overlook that this question was one of fact, and was decided adversely to them by the jury. In its instructions, the court expressly told the jury that if they believed from a preponderance of all the testimony that a copartnership existed as claimed by defendants, and that plaintiff was a member of such copartnership at the time the work in question was performed, and that such work was done for such partnership, or by plaintiff as a copartner, then they should find the issues in favor of defendants. There being ample evidence to support the verdict of the jury as rendered, under the well settled rule, it will not be disturbed by this court. The weight of the testimony seems to be in fact that the construction of this kiln was work done preliminary to, and for the purpose of launching a pártnership. This being the case, it was not a partnership transaction. It was labor performed under an agreement upon which an action at law would lie. *Lawson v. Glass*, 6 Colo. 134.

There are a number of other assignments of error, based chiefly upon the refusal of the court to give certain instructions requested by defendants, and also upon its sustaining objections to certain interrogatories to witnesses, but all were based upon the defendants' assumption and theory that the transaction involved, and the debt incurred, were partnership ones. This being resolved against them, these assignments fall, and it is unnecessary to refer to them.

Finding no material error presented in the record, the judgment will be affirmed.

*Affirmed.*